IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:12CR3076 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| INGREAT NORRIS SWIFT, | ) | |
| | ) | |
| Defendant. | ) | |

*THIS IS AN URGENT MATTER*

The defendant has been sentenced to 92 months custody and 3 years of supervised release for interstate transportation with the intent to engage in prostitution. He has served his sentence, and is now under supervised release in the District of Nebraska. A petition and amended petition for an offender under supervision alleging, among other things, that the defendant crashed his car into another vehicle after driving on the front lawn of a residence while engaged in a domestic disturbance.

Mr. Swift appeared before me on July 30, 2013. It had been his intention to admit to some of the allegations, but counsel for Mr. Swift notified me that Mr. Swift was very ill. He looked extremely ill to me. Mr. Swift also confirmed the truth of his counsel's statement to me. Counsel specifically advised that Mr. Swift is suffering from severe rectal bleeding, that the blood was dark in color rather than bright red, that such bleeding had been going on for months, and that Mr. Swift had lost a lot of weight during the last year.

The probation officer confirmed that Mr. Swift had lost a good deal of weight during the last year, and the probation officer additionally stated that Mr. Swift may have been unsuccessfully treated on an out-patient basis for the rectal bleeding. The

probation officer also indicated that Mr. Swift is or has been taking one or more medications related to his mental health treatment.

In any event, everyone agreed that the defendant was in no physical shape to proceed. Two additional things became clear. First, I cannot proceed any further with this case without having input from medical professionals about the health of the defendant, particularly regarding the issue of rectal bleeding. Second, should the defendant admit some or all of the allegations, as I believe he is prepared to do, I cannot pronounce a sentence consistent with the law unless I know more about the health of the defendant, particularly regarding the issue of rectal bleeding.

Therefore,

IT IS ORDERED that:

1. There is a compelling reason to have the Bureau of Prisons conduct the study herein ordered because of the significant possibility of an extended inpatient hospitalization. The United States Bureau of Prisons shall designate a medical facility such as Rochester, Minnesota at which the defendant shall be examined pursuant to this order. Upon such designation, the defendant, who is in custody, shall be transported to the place designated by the Bureau of Prisons by the U.S. Marshal. The defendant shall remain at the facility until released to the U.S. Marshal for return to Nebraska.

2. Pursuant to 18 U.S.C.§ 3552(b), and federal law more generally, the Bureau of Prisons shall evaluate the defendant and advise me in writing regarding the following matters: (a) the defendant's present medical status, particularly regarding issues of rectal bleeding; (b) the defendant's need, if any, for medical treatment, particularly regarding the issues of rectal bleeding; and (c) any other information that the Bureau of Prisons or professional consultants believe is pertinent to the report or

the factors set out in 18 U.S.C. § 3553(a). Unless extended by a subsequent order, the evaluation shall be submitted to the court and counsel within 60 days of the defendant being delivered to the medical center.

3. The probation officer assigned to this case (USPO Jeff Anthens) will facilitate the implementation of this order and coordinate this case with the Bureau of Prisons. The probation officer shall provide the designated facility with all materials the officer believes will assist the facility in conducting the evaluation, including the presentence report, supervised release petitions and related materials, and medical and mental health records obtained from counsel for the defendant (AFPD John Vanderslice) or otherwise.

4. My chambers shall provide a copy of this memorandum and order to the probation officer. The Clerk shall hand deliver a copy of this memorandum and order to the United States Marshals Service.

5. This matter is continued until further order of the court. However, my judicial assistant shall calendar this matter for 90 days so that I may ascertain the status of this matter at that time.

6. Upon receipt of the written report from the Bureau of Prison, I will give the parties an opportunity to respond to the report and then I will set the matter for hearing.

July 30, 2013.        BY THE COURT:

*Richard G. Kopf*
United States District Judge